# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| JONATHAN DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV420-244 |
| | ) | |
| JASON BRAGG, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Proceeding *pro se*, plaintiff Jonathan Davis brought this 42 U.S.C. § 1983 action against the Clerk of Superior Court and the Sheriff of Effingham County alleging he was unlawfully arrested and detained. *See* doc. 1 (Complaint). Defendants have moved to dismiss his Complaint. Doc. 10. Davis responded,[1] doc. 11, defendants replied, doc. 13, and Davis sur-replied, doc. 14. The motion is ripe for review.

---

[1] As Defendants point out, Plaintiff's response to the Motion to Dismiss was untimely. *See* doc. 13 at 1-2. This Court's Local Rules afford litigants fourteen days in which to respond to motions. *See* S.D. Ga. L. Civ. R. 7.5. "Failure to respond within [fourteen days] shall indicate that there is no opposition to a motion." *Id*. While this Court acknowledges that Plaintiff is a *pro se* litigant, it equally recognizes that Plaintiff's *pro se* status does not excuse his failure to comply with the Court's rules. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.) ("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court"). Nevertheless, this Report and Recommendation takes Plaintiff's response into consideration.

I.  **BACKGROUND**

Davis alleges that his ex-wife "brought an action for contempt of a child support order in late 2017" and that a hearing in the case was scheduled around December 18, 2017.[2]  Doc. 1 at 2.  Sometime prior to the court issuing an order in the contempt proceeding, Davis alleges he initiated a bankruptcy case in South Carolina.  *Id.*  According to Davis, he informed the Clerk of Court via telephone of the bankruptcy filing, and he and the Bankruptcy Court for the District of South Carolina mailed an unspecified "notice" to the Clerk.  *Id.*  Despite this notice, he alleges that "deputies of the Sheriff arrested [him] on or about February 16, 2018."  *Id.*

Davis was detained at the Effingham County Jail.  Doc. 1 at 2.  He alleges that he repeatedly informed the arresting officer and jail officers "that the warrant was invalid because of the bankruptcy filing."  *Id.*  He sought appointed counsel but was denied.  *Id.*  He then filed a *pro se* motion arguing his inability to pay did not support his detention for civil contempt, but a hearing was never scheduled.  *Id.* at 3.  According to

---

[2] Although Davis does not identify the court in which the ex-wife initiated the contempt proceeding, the Effingham County Superior Court Clerk of Court is named as a defendant.  *See id.* at 1.

Davis, he eventually hired a bankruptcy attorney who secured an order from the United States Bankruptcy Court "declaring that the warrant was void *ab initio*." *Id.* He was released on October 4, 2018. *Id.*

Davis filed this case on October 6, 2020, against Jason Bragg, in his official capacity as Clerk of Superior Court for Effingham County, and Jimmy McDuffie, in his official capacity as Sheriff of Effingham County. Doc. 1 at 1. He alleges under § 1983 that the defendants violated his right to due process under the Fourteenth Amendment "by arresting [him] without a valid warrant and incarcerating him for 230 days." Doc. 1 at 3. He further alleges that the defendants acted under color of state law to wrongfully deprive him of his liberty, and that they acted "intentionally, or at least recklessly" in doing so. *Id.* at 4. He also brings a claim against both defendants for false imprisonment under Georgia law. *Id.* at 4-5. He seeks $230,000 in actual damages, plus punitive damages. *Id.* at 5. The defendants move to dismiss, arguing his claims are barred by the applicable statute of limitations, his claims against the Sheriff are barred by the Eleventh Amendment, and his state law claims against the Clerk of Court are barred by sovereign immunity. *See* doc. 10 at 5-9.

3

## II. ANALYSIS

### A. Motion to Dismiss Standard

To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In considering a defendant's motion to dismiss, the "court must view the complaint in the light most favorable to the plaintiff and accept all the plaintiff's well-pleaded facts as true." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). "However, conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). "[A] statute of limitations defense may be raised on a motion to dismiss for failure to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6) . . . when the complaint shows on its face that the limitations period has run[.]" *AVCO Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982) (internal citations omitted). Despite the plaintiff's pleading burden, the movant bears the burden on a motion to dismiss. *See Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016).

Generally, complaints by *pro se* plaintiffs are read more liberally than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, *pro se* parties are still required to comply with minimum pleading standards set forth in the Federal Rules of Civil Procedure. *See, e.g., Grew v. Hopper*, 2008 WL 114915, at *2 (M.D. Fla. Jan. 9, 2008) (citations omitted); *see also Beckwith v. Bellsouth Telecomms., Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) (citation omitted) (noting that although they are construed liberally, "pro se complaints also must comply with the procedural rules that govern pleadings").

B. **Statute of Limitations for § 1983 Claims**

Section 1983 claims are subject to the statute of limitations applicable to personal-injury torts under state law. *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (internal citation omitted). Under Georgia law, the statute of limitations for such claims is two years. O.C.G.A. § 9-3-33; *see Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986). Generally, the statute of limitations for § 1983 claims begins to run when facts supporting the cause of action are or should be reasonably apparent to the plaintiff. *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (per curiam).

Although Davis' factual allegations are relatively straightforward, his presentation of his claim under § 1983 is less so. His allegations implicate a claim for false imprisonment. *See* doc. 1 at 3 (alleging constitutional violations based on "arresting Plaintiff without a valid warrant and incarcerating him for 230 days"). As the Eleventh Circuit has explained:

> A § 1983 claim of false imprisonment requires a showing of common law false imprisonment and a due process violation under the Fourteenth Amendment. *See Cannon v. Macon County*, 1 F.3d 1558, 1562–63 (11th Cir.1993), modified on other grounds, 15 F.3d 1022 (1994). The elements of common law false imprisonment are an intent to confine, an act resulting in confinement, and the victim's awareness of confinement. *See id.* at 1562 n. 3. The Fourteenth Amendment Due Process Clause includes the "right to be free from continued detention after it was or should have been known that the detainee was entitled to release." *Id.* at 1563; *West v. Tillman*, 496 F.3d 1321, 1327 (11th Cir.2007) (per curiam).

*Campbell v. Johnson*, 586 F.3d 835, 840 (11th Cir. 2009). Defendants appear to construe his § 1983 claim as one for false imprisonment. *See* doc. 10 at 6 (describing "Plaintiff's illegal arrest and imprisonment

claims"). Plaintiff's response does not challenge that interpretation of his allegations. *See* doc. 11 at 1-2 (discussing his "false imprisonment").[3]

---

[3] Davis' allegations might also implicate a potential claim for malicious prosecution. *See, e.g.*, *Wood v. Kesler*, 323 F.3d 872, 881-82 (11th Cir. 2003) (discussing elements of a malicious prosecution claim); *Carter v. Gore*, 557 F. App'x 904, 906 (11th Cir. 2014) ("The issuance of a warrant—even an invalid one as [plaintiff] alleges was issued here—constitutes legal process, and thus, where an individual has been arrested pursuant to a warrant, his claim is for malicious prosecution rather than false arrest."). However, he has not directly asserted such a claim. *See* doc. 1 at 3-4. Although *pro se* filings are to be liberally construed, *see Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), courts cannot serve as *de facto* counsel for a party and cannot rewrite a deficient pleading for the sake of sustaining an action. *McDowell v. Gonzalez*, 424 F. Supp. 3d 1214, 1220–21 (S.D. Fla. 2019), *aff'd*, 820 F. App'x 989 (11th Cir. 2020) (citing *Jarzynka v. St. Thomas Univ. of Law*, 310 F. Supp. 2d 1256, 1264 (S.D. Fla. 2004)). "The Court cannot simply 'fill in the blanks' to infer a claim . . . ." *Id.* (quoting *Brinson v. Colon*, 2012 WL 1028878, at *1 (S.D. Ga. Mar. 26, 2012)); *see also Bivens v. Roberts*, 2009 WL 411527, at *3 (S.D. Ga. Feb. 18, 2009) ("[J]udges must not raise issues and arguments on plaintiffs' behalf, but may only construe pleadings liberally given the linguistic imprecision that untrained legal minds sometimes employ." (citing *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008)).

Even if the Court were inclined to consider whether Davis *might* have alleged a malicious prosecution claim, it would be futile. He asserts that the court proceeding underlying his arrest was a civil child support contempt action initiated by his ex-wife. *See* doc. 1 at 2; *see also Miller v. Deal*, 761 S.E.2d 274, 279-80 (Ga. 2014) (categorizing contempt proceedings about child support as civil matters). Courts to consider the issue have uniformly held that "[m]alicious prosecution through civil proceedings does not support a section 1983 claim." *Heil v. Sierra Sands United Sch. Dist.*, 843 F.2d 501, 501 (Table) (9th Cir. 1988) (collecting cases); *see also Parness v. Christie*, 2017 WL 6513346, at *7 (D.N.J. Dec. 19, 2017) (dismissing malicious prosecution claim where plaintiff did not plead that "he was actually prosecuted for a criminal offense"). Therefore, the Court only analyzes the statute of limitations for a false imprisonment claim under § 1983. If Davis contests the construction of his claim as one for false imprisonment, he is free to raise that issue during the fourteen-day objections period discussed below.

7

A claim for false imprisonment accrues when the prisoner becomes held pursuant to legal process. *Burgest v. McAfee*, 264 F. App'x 850, 852 (11th Cir. 2008) (citing *Wallace*, 549 U.S. at 389). Because Davis expressly alleges that he was arrested pursuant to a warrant, any false imprisonment claim accrued on the day of his arrest. *See Shuler v. Duke*, 792 F. App'x 697, 702 (11th Cir. 2019) ("Because [plaintiff] was not detained <u>without</u> legal process, his false arrest and false imprisonment claims accrued on the day of his arrest . . . ."); *see also Carter*, 557 F. App'x at 906 ("The issuance of a warrant—even an invalid one as [plaintiff] alleges was issued here—constitutes legal process . . . ."). He alleges he was arrested on February 16, 2018. Doc. 1 at 2. Therefore, his claim for false imprisonment accrued that day, and the two-year statute of limitations expired on February 17, 2020.[4] His Complaint was filed on October 6, 2020, over seven months too late. Defendants' motion should, therefore, be **GRANTED**. Plaintiff's § 1983 claim for false imprisonment should be **DISMISSED**.

---

[4] The two-year anniversary fell on Sunday, February 16, 2020. Therefore, by operation of Fed. R. Civ. P. 6(a)(1)(C), the period continued to run until Monday, February 17, 2020.

## C. Eleventh Amendment Immunity

Davis has sued the Sheriff of Effingham County, Jimmy McDuffie, in his official capacity. *See* doc. 1 at 1. Defendants argue that Sheriff McDuffie, in his official capacity, is immune from suit under the Eleventh Amendment since he is "an officer of the State of Georgia," relying in part on the Eleventh Circuit's decision in *Manders v. Lee*, 338 F.3d 1304, 1305-06 (11th Cir. 2003). Doc. 10 at 6-7. Davis argues that *Manders* is inapplicable, since it did not "determine whether state immunity covers every aspect of a sheriff's conduct." Doc. 11 at 2.

"The Eleventh Amendment protects a State from being sued in federal court without the State's consent." *Manders*, 338 F.3d at 1308. "Congress, in passing § 1983, did not intend to override the immunity guaranteed to the states by the Eleventh Amendment." *Presnell v. Paulding Cty., Ga.*, 454 F. App'x 763, 766 (11th Cir. 2011) (internal citations omitted). Georgia has not waived its Eleventh Amendment immunity. *See* O.C.G.A. § 50–21–23(b) ("The state does not waive any immunity with respect to actions brought in the courts of the United States."); *see also Robinson v. Ga. Dep't of Transp.*, 966 F.2d 637, 640 (11th Cir.1992) (noting that "a state waives its Eleventh Amendment

immunity only if there is an unequivocal indication that the state intends to consent to federal jurisdiction that otherwise would be barred by the Eleventh Amendment").

"Sovereign immunity under the Eleventh Amendment applies both to states and to those entities that are considered 'arms of the state.'" *Nicholl v. Bd. of Regents of Univ. Sys. of Ga.*, 706 F. App'x 493, 495 (11th Cir. 2017). Moreover, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citations omitted). Sheriff McDuffie was sued in his official capacity, *see* doc. 1, so the pivotal question is whether the Effingham County Sheriff is considered an arm of the state.

To determine whether Sheriff McDuffie is entitled to Eleventh Amendment immunity, the Court must first determine "the particular function in which [the sheriff] was engaged when taking the actions out of which liability is asserted to arise," and then "determine whether the defendant is an 'arm of the State' in his performance of the function . . . ." *Lake v. Skelton*, 840 F.3d 1334, 1337 (11th Cir. 2016) (internal

quotation marks and citation omitted). Davis' claims all arise out of his allegedly improper arrest based on a warrant he contends was later determined to be invalid. *See generally* doc. 1. The District Court for the Middle District of Georgia reviewed "post-*Manders* Eleventh Circuit case law" and determined that "the sheriff acts as an 'arm of the state' when performing most law enforcement functions . . . ." *Russel v. Darr*, 2015 WL 8055880, at *4 (M.D. Ga. Dec. 4, 2015); *see also Mladek v. Day*, 293 F. Supp. 2d 1297, 1304 (M.D. Ga. 2003) ("Although the precise function at issue in *Manders* was the implementation of a force policy in the operation of a county jail, the Eleventh Circuit made it clear that it found no distinction between that function and the law enforcement function performed by sheriffs when they arrest citizens for violations of the law."). That same District Court has gone so far as to say that "Eleventh Amendment precedent in this Circuit has evolved to provide an almost insurmountable wall protecting Georgia sheriffs sued in their official capacities for violating the federal constitutional rights of county jail detainees." *Palmer v. Correct Care Solutions, LLC*, 291 F. Supp. 3d 1357, 1360 (M.D. Ga. 2017).

The claims against Sheriff McDuffie all relate to "the law enforcement function performed by [the Sheriff] when [he] arrest[s] citizens for violations of the law." *Mladek*, 293 F. Supp. 2d at 1304. Therefore, the Sheriff of Effingham County, sued in his official capacity, is entitled to Eleventh Amendment immunity and should be **DISMISSED**.

D. **State Law Sovereign Immunity**

Defendant Jason Bragg argues that, since he is sued in his official capacity, the state law claim against him is barred by sovereign immunity. Doc. 10 at 8-9. Under Georgia law, "[t]he doctrine of sovereign immunity, also known as governmental immunity, protects all levels of governments from legal action unless they have waived their immunity from suit." *Cameron v. Lang*, 549 S.E.2d 341, 346 (Ga. 2001); Ga. Const. Art. I, § 2, ¶ IX(d). Counties are among the protected governmental entities. *Presnell*, 454 F. App'x at 769 (citing *Gilbert v. Richardson*, 452 S.E.2d 476, 479 (Ga. 1994)). "Suits against public employees in their official capacities are in reality suits against the state and, therefore, involve sovereign immunity." *Cameron*, 549 S.E.2d at 346. Accordingly, unless the county has expressly waived its sovereign immunity from

liability based on the claim asserted here, Davis' state law claim against Bragg in his official capacity must be dismissed.

"[S]overeign immunity is waived by any legislative act which specifically provides that sovereign immunity is waived and the extent of such waiver." *Cameron*, 549 S.E.2d at 480.  Davis' allegations provide no basis for any waiver of Effingham County's sovereign immunity.  The Defendants' motion to dismiss argues there is no such waiver, *see* doc. 10 at 9, and Davis does not refute that argument, *see generally* docs. 11 & 14.  Defendants' Motion to Dismiss Davis' state law claims against Jason Bragg on sovereign immunity grounds should, therefore, be **GRANTED**.

### III.  CONCLUSION

Defendants Motion to Dismiss should be **GRANTED**. Doc. 10. Plaintiffs' claim for false imprisonment under § 1983 should be **DISMISSED** as untimely.  All claims against Jimmy McDuffie, sued in his official capacity as the Sheriff of Effingham County, should be **DISMISSED** based on his Eleventh Amendment immunity.  Plaintiffs' state law claims against Jason Bragg should be **DISMISSED** because he is immune under Georgia law.  This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and

this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 1st day of August, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA