IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JONATHAN DAVIS, | |
| Plaintiff, | CIVIL ACTION NO.: 4:20-cv-244 |
| v. | |
| JASON BRAGG and JIMMY MCDUFFIE, | |
| Defendants. | |

**O R D E R**

After a careful *de novo* review of the entire record, the Court concurs with the Magistrate Judge's August 1, 2022, Report and Recommendation, (doc. 15), to which plaintiff has filed an objection (doc. 16). The Court **OVERRULES** plaintiff's objection and **ADOPTS** the Report and Recommendation as its opinion. Defendants' Motion to Dismiss is GRANTED. (Doc. 10.)

The Magistrate Judge recommends that the Defendants' Motion to Dismiss be granted. (Doc. 15, pp. 5-13.) The Report and Recommendation found that the Plaintiff's § 1983 claim for false imprisonment should be dismissed as time-barred, (id., p. 8), the Sheriff of Effingham County Jimmy McDuffie is entitled to Eleventh Amendment immunity and should be dismissed, (id., p. 12), and Plaintiff's remaining state law claim against Defendant Jason Bragg is barred by sovereign immunity and should be dismissed, (id., p. 13.) The Plaintiff's objection only takes issue with the first recommendation and argues that his false imprisonment claim is not time barred. (Doc. 16, pp. 1-2.)

Plaintiff's objection first argues that "there was never a legally issued warrant, and that his arrest never constituted being held pursuant to legal process." (Doc. 16, p. 1.) He argues that,

instead, the warrant underlying his arrest was void *ab initio* and should therefore be treated as if it never existed. (Id.) However, as the Report and Recommendation notes, even an invalid warrant constitutes legal process. (Doc. 15, p. 8 (citing Carter v. Gore, 557 F. App'x 904, 906 (11th Cir. 2014)).) Therefore, his claim began to accrue when he was arrested pursuant to that warrant, and his claim is time-barred.

Plaintiff next argues that his claim did not begin to accrue until his release from imprisonment, citing to a Georgia case. (Doc. 16, p. 1.) However, the claim at issue is not his Georgia state law false imprisonment claim, but his constitutional false imprisonment claim brought pursuant to 42 U.S.C. § 1983. (See doc. 15, pp. 5-8.) While that claim is subject to the statute of limitations applicable to personal-injury torts under Georgia law, that statute "begins to run when facts supporting the cause of action are or should be reasonably apparent to the plaintiff." (Id., p. 5 (quoting Brown v. Ga. Bd. Of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003)).) For § 1983 false imprisonment, the claim accrues when the prisoner becomes held pursuant to legal process. (Id., p. 8.) Moreover, Plaintiff expressly alleges that he was aware of his false imprisonment immediately upon his arrest. (Doc. 1, p. 2.)

Accordingly, the Court **OVERRULES** plaintiff's objections and **ADOPTS** the Report and Recommendation as its opinion. (Doc. 15.) The Defendants' Motion to Dismiss is **GRANTED**. (Doc. 10.) The Clerk of Court is **DIRECTED** to close this case.

**SO ORDERED**, this 22nd day of August, 2022.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA